UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

WILLIE THOMAS,                                                    PETITIONER

V.                                                          CIVIL NO. 2:04CV182-M-B

LAWRENCE GREER, ET AL                                            RESPONDENTS


**O P I N I O N**

This cause comes before the court on the petition of Willie Thomas for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted, contrary to his plea of not guilty, on November 10, 2000, in the Circuit Court of Bolivar County, Mississippi, of one count of attempted sexual battery. He further states that he was sentenced to serve 15 years in prison.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation, codified at 28 U.S.C. § 2244(d)(1):

> (d)(1) 1-year period of limitation shall apply
> to an application for a writ of habeas corpus

> by a person in custody pursuant to the judgment
> of a State court. The limitation period shall
> run from the latest of
> > (A) the date on which the judgment became
> > final by the conclusion of direct review
> > or the expiration of the time for seeking
> > such review;
> > (B) the date on which the impediment to
> > filing an application created by State
> > action in violation of the Constitution
> > or laws of the United States is removed,
> > if the applicant was prevented from filing
> > such State action;
> > (C) the date on which the constitutional
> > right asserted was initially recognized by
> > the Supreme Court, if the right has been
> > newly recognized by the Supreme Court and
> > made retroactively applicable to cases on
> > collateral review; or
> > (D) the date on which the factual predicate
> > of the claim or claims presented could have
> > been discovered through the exercise of due
> > diligence.
>
> (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitation under this
> subsection.

Petitioner filed a direct appeal to the Mississippi Court of Appeals, which affirmed the findings and sentence on August 20, 2002. He declined to seek discretionary review in state court by filing a petition for rehearing in the Court of Appeals as provided for in Mississippi Rule of Appellate Procedure 40. By failing to seek the first step of discretionary review, petitioner "stopped the appeal process" and was unable to pursue further direct review in the Mississippi Supreme Court by way of a petition for a writ of certiorari or review in the United States Supreme Court by way of a petition for a writ of certiorari. *See Roberts v. Cockerell*, 319 F.3d

690 (5th Cir. 2003).

Mississippi Rule of Appellate Procedure 40(a) allows 14 days to file a petition for rehearing in state court after a direct appeal is affirmed. Therefore, petitioner's conviction became final and the statute of limitations for federal habeas corpus relief began to run 14 days after the conviction was affirmed on direct appeal, when the time for seeking further direct review in state court expired. Since the conviction was affirmed on August 20, 2002, the conviction became final 14 days later, on September 3, 2002. Unless petitioner filed a "properly filed" application on or before September 3, 2003, to toll the period of limitations, his habeas corpus petition would be filed too late. *See Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Petitioner did not file an "Application for Leave to Proceed in the Trial Court" until November 5, 2003, which was 63 days after the deadline for filing a habeas corpus petition. Consequently, he is not entitled to a tolling of the period of the limitations.

Thomas signed his habeas corpus petition on June 14, 2004, and it was received in this court on June 24, 2004. Under the "mailbox rule," a *pro se* habeas corpus petition is deemed filed on the date that it was delivered by a petitioner to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999)*, cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000)(citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). Therefore, the petition was filed in this court at least 285 days after the September 3, 2003, filing deadline. Thomas was not actively misled nor prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513-14 (5th. Cir. 1999). Because the petition was untimely filed and petitioner has

cited no "rare and exceptional" circumstances to warrant equitable tolling, the petition must be dismissed with prejudice pursuant to the provisions of the AEDPA.

A final judgment in accordance with this opinion will be entered.

THIS the 21st day of June, 2005.

       **/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**